UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                               *Plaintiff*,<br><br>-against-<br><br>CARIBBEAN CRUISE LINE, INC.,<br><br>                               *Defendant*. | CV11-2744<br>Civil Action No.: _____<br><br>**CLASS-ACTION**<br>**COMPLAINT**<br><br>GLEESON, J.<br>CARTER, M.J.<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ JUN 06 2011 ★<br>BROOKLYN OFFICE |

### PRELIMINARY STATEMENT

1.     Plaintiff, Todd C. Bank, brings this action individually and as a class action on behalf of all persons and entities to which Defendant, Caribbean Cruise Line, Inc., transmitted one or more electronic-mail advertisements as set forth in paragraphs "8" through "10" herein.

2.     Plaintiff's claims arise under the Florida Electronic Mail Communications Act, Fla. Stat. §§ 668.601-668.607. Plaintiff seeks, individually and on behalf of the Members of the Class, injunctive relief, liquidated damages, attorney's fees, and costs.

### JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4.     The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

### PARTIES

6.     Plaintiff, Todd C. Bank, was and is, at all relevant times herein, a citizen of the State of New York and a resident of the Eastern District of New York.

7.      Defendant, Caribbean Cruise Line, Inc. ("CCL"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Florida, and maintains its executive offices at 2419 East Commercial Blvd., Suite 100, Fort Lauderdale, Florida 33308. Defendant is a citizen of Florida.

## FACTS

8.      On or about June 5, 2010, CCL transmitted, to each of two electronic-mail ("e-mail") addresses of Plaintiff, an "unsolicited commercial electronic mail message" ("UCEMM") as defined by Fla. Stat. § 668.601(14), each of which were received by Plaintiff in this District.

9.      The subject line of each of the UCEMMs that were transmitted to Plaintiff was: "You won a cruise to the Bahamas."

10.     The subject line of the UCEMM was misleading about a material fact, such material fact being that the recipient had "won a cruise to the Bahamas," when, in fact, the recipient had not "won a cruise to the Bahamas" because: (1) the "cruise to the Bahamas" that CCL was promoting was available to the general public; indeed, CCL did not even know the identity of Plaintiff; and (2) the term "won" would mean, to a reasonable recipient, that the "cruise to the Bahamas" was free, when, in fact, the terms and conditions of the promotion, according to CCL's web site, state that the "[r]ecipient is responsible for actual port charges and government taxes of $59 per person at time of registration[,]," and that the recipient may be "charge[d] an additional fuel supplement of up to $9.00 per person per day on all passengers, to be collected at time of embarkation without prior notice, in the event that the price of light sweet crude oil according to the NYMEX (New York Mercantile Exchange Index) is greater than $40.00 per barrel of oil." www.caribbean-cl.com/Terms.htm

11.     During the four-year period prior to the commencement of this action, CCL engaged

in the conduct set forth in paragraphs "8" through "10" herein with respect to at least ten thousand electronic-mail transmissions.

## COUNT I

12. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "11" inclusive of this Complaint as if fully set forth herein.

13. The conduct of Defendant, as set forth in paragraphs "8" through "10" herein, violated Fla. Stat. § 668.603(1)(c).

14. Based upon the foregoing, Plaintiff and Members of the Class are entitled to: (1) pursuant to Fla. Stat. § 668.606(3)(a), an injunction to enjoin future violations of § 668.603; (2) pursuant to Fla. Stat. § 668.606(3)(b), liquidated damages of five hundred dollars ($500) for each electronic-mail message that Defendant transmitted in violation of Fla. Stat. § 668.603(1)(c); and (3) pursuant to Fla. Stat. § 668.606(3)(c), attorney's fees and other litigation costs reasonably incurred in connection with this action.

## CLASS ALLEGATIONS

15. Plaintiff brings this action individually, and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

16. The class does not include CCL and its officers, employees, and representatives, and such individuals' families.

17. The class period begins four years prior to the commencement of this action and continues until the resolution of this action.

18. The class is defined as follows:

> all persons and entities to which CCL, beginning four years prior to
> the commencement of this action and continuing until the resolution
> of this action, transmitted one or more commercial electronic-mail

messages with the subject line stating: "You won a cruise to the Bahamas."

19. The Members of the Class are so numerous that joinder of all Members is impracticable.

20. There are more than 10,000 individuals and entities whose claims are similar to Plaintiff's claims, which are typical of the claims of the Members of the Class.

21. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests, for purposes of this litigation, are coincident with the interests of the Members of the Class and are not, in any way, antagonistic to, or in conflict with, the Members of the Class.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members of the Class is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

23. Common questions of law and fact predominate over questions that affect only individual Members of the Class, among which are:

    (i)    whether CCL transmitted a "commercial electronic mail message" as defined by Fla. Stat. § 668.601(3);

    (i)    whether the "commercial electronic mail message" that CCL transmitted was an "unsolicited commercial electronic mail messages" as defined by Fla. Stat. § 668.601(14);

    (ii)    whether the recipient of CCL's "commercial electronic mail messages" was entitled to anything to which the general public was not entitled;

(iii) whether the recipient of CCL's "commercial electronic mail messages," who "won a cruise to the Bahamas," was required to pay any expenses as a condition of availing himself of the promotion; and

(iv) whether the required payment of expenses as a condition of availing oneself of CCL's promotion renders the use of the term "won" materially misleading.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands Judgment against Defendants as follows:

(a) Awarding Plaintiff and the Members of the Class, pursuant to Fla. Stat. § 668.606(3)(a), an injunction to enjoin Defendant from engaging in future violations of § 668.603;

(b) Awarding Plaintiff and the Members of the Class, pursuant to Fla. Stat. § 668.606(3)(b), liquidated damages of five hundred dollars ($500) for each electronic-mail message that Defendant transmitted in violation of Fla. Stat. § 668.603(1)(c); and

(c) Awarding Plaintiff and the Members of the Class, pursuant to Fla. Stat. § 668.606(3)(c), attorney's fees and other litigation costs reasonably incurred in connection with this action, and such other and further relief as permitted by law.

Dated: June 6, 2011

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB 6825

Attorney for Plaintiff

_____
TODD C. BANK