UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

TODD C. BANK, Individually and on behalf of all
others similarly situated,

                                    Plaintiff,

                                      v.

CARIBBEAN CRUISE LINE, INC.,

                                    Defendant.

NOT FOR PUBLICATION

**MEMORANDUM &ORDER**
11-CV-2744 (MKB)

-----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

On June 6, 2011, Plaintiff Todd Bank, individually and on behalf of all others similarly situated, filed the above-captioned action against Defendant Caribbean Cruise Line, Inc., alleging that Defendant sent him and others unsolicited commercial emails in violation of the Florida Electronic Mail Communications Act, Fla. Stat. §§ 668.600–668.610. On August 9, 2012, Magistrate Judge Viktor V. Pohorelsky granted in part and denied in part Defendant's motion for sanctions against Plaintiff for his failure to attend a deposition and denied Plaintiff's cross-motion for sanctions against Defendant. Plaintiff's motion for reconsideration was denied by Judge Pohorelsky on September 10, 2012. Plaintiff now moves to vacate Judge Pohorelsky's order. For the reasons discussed below, Plaintiff's motion is denied.

**I. Background**

This dispute arises out of Plaintiff's failure to attend three scheduled depositions and the lack of communication between the parties. During the course of discovery, the parties agreed to a deposition schedule. Plaintiff filed his Schedule of Depositions on June 4, 2012, (Docket Entry No. 41), and Judge Pohorelsky "So Ordered" Plaintiff's deposition schedule on June 11, 2012.

(June 11, 2012 Order.)  Plaintiff did not appear for the depositions.  On July 5, 2012, Defendant filed a motion for sanctions against Plaintiff for failure to appear at the court-ordered depositions pursuant to Rule 30(g) of the Federal Rules of Civil Procedure.[1]  (Docket Entry No. 42.)  On July 10, 2012, Plaintiff filed a cross-motion for sanctions, arguing that Defendant's motion was frivolous.  (Docket Entry No. 43.)  At a telephone conference on August 9, 2012, Judge Pohorelsky granted in part and denied in part Defendant's motion and denied Plaintiff's motion in its entirety.  (Docket Entry No. 48, August 9, 2012 Order.)  Judge Pohorelsky ordered Plaintiff to reimburse Defendant in the amount of $350 for one hour of attorneys' fees incurred and for the travel expenses incurred by Defendant's first witness because of "[P]laintiff's failure to attend the deposition of the [first] witness and his failure [to] advise [D]efendant that he did not wish to conduct the deposition of the witness on the court-ordered date."  (*Id.*; *see* Tr. 15:14–24.)  Judge Pohorelsky denied Defendant's request for the expenses of a court reporter associated with the first deposition and expenses incurred in relation to the second and third depositions.  Judge Pohorelsky reasoned that Defendant was "justified in having prepared for and appeared for the first deposition," but "thereafter . . . [D]efendant . . . did have some obligation to either contact the court or confirm with [Plaintiff]."  (Tr. 15:14–16:3.)  Judge Pohorelsky found that Defendant "had to let [Plaintiff] know that [it was] incurring expenses in light of the fact" that Defendant told Plaintiff that Defendant would assume the deposition was not going forward if Plaintiff did not notice the deposition the day before.  (*Id*. at 16:4–7)

     Plaintiff filed a motion for reconsideration, arguing that Defendant's motion should have been denied in its entirety, the payment Plaintiff was ordered to make to Defendant under

---

[1] Rule 30(g) of the Federal Rules of Civil Procedure provides that "[a] party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition."  Fed. R. Civ. P. 30(g)(1).

Rule 30(g) should not have been labeled a "sanction," and Plaintiff's cross-motion for sanctions against Defendant should have been granted. (Docket Entry No. 52.) Plaintiff argued that Defendant's motion should not have been granted with respect to the first deposition, as Defendant "knew, based on the terms that it *itself* had set before that deposition was scheduled to occur, that it would not be taking place." (Pl.'s Mem. in Support of Mot. for Recons. 5 (emphasis in original).) According to Plaintiff, by email dated June 13, 2012, Defendant's counsel "had informed Plaintiff that if Plaintiff did not serve a deposition notice under Rule 30(b)(6) of the Federal Rules of Civil Procedure upon [Defendant]'s counsel by noon of the day before the . . . deposition was scheduled to occur, [Defendant]'s counsel would '*assume it is not going forward*.'" (*Id.* (alterations in original).) Judge Pohorelsky denied Plaintiff's motion for reconsideration, as Plaintiff had advanced these arguments at the August 9, 2012 conference and Plaintiff pointed to "no controlling decisions or facts the court overlooked." (September 10, 2012 Order.) Plaintiff timely appealed Judge Pohorelsky's decision to this Court. (Docket Entry No. 67.)

## II. Discussion

### a. Standard of Review

A magistrate judge is authorized "to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were 'clearly erroneous or contrary to law.'" *Pressley v. City of New York*, No. 11 Civ. 3234, 2013 WL 145747, at *14 (E.D.N.Y. Jan. 14, 2013) (citations omitted). Monetary sanctions for noncompliance with discovery orders are generally considered nondispositive and therefore subject to the "clearly erroneous or contrary to law" standard of review. *See Edmonds v. Seavey*, No. 08 Civ. 5646, 2009 WL 2150971, at *2 (S.D.N.Y. July 20,

2009) (applying "clearly erroneous or contrary to law" standard to motion for sanctions pursuant to Rule 30(g)); 7 Moore, Lucas & Sinclair, Jr., Moore's Federal Practice § 72.02 ("When a magistrate judge imposes monetary sanctions for discovery violations, the ruling is generally considered to be nondispositive."); *see also Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) (Cabranes, J., concurring) ("[M]agistrate judges have the power to impose sanctions for violations of discovery orders" due to "a magistrate judge's statutory, institutional, and historical authority over discovery proceedings."). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Isiofia*, 370 F.3d 226, 232 (2d Cir. 2004) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Hamill v. Prudential Ins. Co. of Am.*, No. 11 Civ. 1464, 2013 WL 27548, at *4 (E.D.N.Y. Jan. 2, 2013) (citation and internal quotation marks omitted). Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *Aboeid v. Saudi Arabian Airlines Corp.*, No. 10 Civ. 2518, 2011 WL 5117733, at *2 (E.D.N.Y. Sept. 6, 2011) (citing *Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994)). Therefore, "a party seeking to overturn a discovery order [by a magistrate judge] generally bears a heavy burden." *Mental Disability Law Clinic v. Hogan*, 739 F. Supp. 2d 201, 203–04 (E.D.N.Y. 2010) (citations and internal quotation marks omitted).[2]

---

[2] In his Reply Memorandum, Plaintiff argues that the motion is subject to *de novo* review, as the parties disagree about the legal effects of the facts, not the facts themselves, and legal conclusions are subject to *de novo* review. (Docket Entry No. 68, Pl.'s Reply Mem. in Further Supp. of Mot. to Vacate ("Pl.'s Reply") 3–4.) Plaintiff relies on *Oneida Nation of New York v. Cuomo*, 645 F. 3d 154, 164 (2d Cir. 2012), where the Second Circuit affirmed that a district court's decision to grant or deny a preliminary injunction is reviewed for abuse of discretion. As

4

### b. Analysis

Plaintiff has not shown that Judge Pohorelsky's decision was clearly erroneous or contrary to law. Plaintiff argues that Judge Pohorelsky should have denied Defendant's motion in its entirety because Defendant failed to demonstrate that he expected the deposition to occur, as required by Rule 30(g)(1), in order to recover expenses. (Pl.'s Mem. in Supp. of Mot. to Vacate 6.) According to Plaintiff, Defendant could not have expected the deposition to occur because Plaintiff never served a deposition notice in advance of the deposition as Defendant required Plaintiff to do. Defendant specifically informed Plaintiff in the June 13, 2012 email that "[i]f the notice is not served by noon, then [Defendant] will assume it is not going forward." (*Id.* at 7.)

Judge Pohorelsky did acknowledge, based on Defendant's email, that Plaintiff may have complied with the terms set by Defendant, as Defendant notified Plaintiff that Defendant would assume the deposition was not going forward if Plaintiff did not notice the deposition by noon the day before the deposition. Judge Pohorelsky therefore denied Defendant's request for the expenses of a court reporter for the first deposition and for expenses relating to the second and third depositions. In denying the costs and expenses associated with the additional depositions, Judge Pohorelsky found that Defendants had an obligation to contact the Plaintiff to let Plaintiff know that they were incurring these expenses, especially in view of their directive to Plaintiff that they would assume he would not appear if they did not receive a notice of deposition. (Tr. 15:25–16:7.) Judge Pohorelsky also found that Defendant could have sought his intervention, instead of incurring additional costs after Plaintiff failed to appear at the first deposition. (Tr.

---

discussed above, a magistrate judge's nondispositive decision is reviewed by a "clearly erroneous or contrary to law" standard. Plaintiff's argument to the contrary is without merit.

16:8–13.) Thus, Judge Pohorelsky denied Defendant's request for the cost associated with these additional expenses but did not impose any sanctions on Defendant.

Judge Pohorelsky did note, however, that Plaintiff could have communicated to Defendant that he did not intend to appear at the depositions. (Tr. 3:4–5). He therefore required Plaintiff to reimburse Defendant for one hour of attorneys' fees and for the travel expenses incurred by Defendant's first witness.[3] Judge Pohorelsky found that "[D]efendant [was] justified in having prepared for and appeared for the first deposition and so the travel expenses of . . . the witness who had to appear and was ready to testify and an hour's attorney's time for attending that deposition . . ." was imposed as a sanction on Plaintiff. (Tr. 15:14–18.) Plaintiff has failed to demonstrate that Judge Pohorelsky's decision was clearly erroneous or contrary to law where he denied Defendant's request for all costs other than one hour of attorneys' fees and reasonable expenses for the first witness, and denied Plaintiff's request for sanctions against Defendant. Accordingly, Plaintiff's motion to vacate Judge Pohorelsky's ruling is denied and the order is affirmed.[4]

---

[3] In both his motion for reconsideration to Judge Pohorelsky and his appeal to this Court, Plaintiff argues that the expenses that a party may be required to pay under Rule 30(g)(1) are not sanctions, and, therefore, the expenses that Judge Pohorelsky imposed upon him should not have been labeled as such. (Pl.'s Mem. in Supp. of Mot. to Vacate 9–10.) Although Plaintiff is correct that the term "sanctions" is not specifically used in Rule 30(g), courts have referred to the awarding of expenses and attorneys' fees under Rule 30(g) as "sanctions." *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8 (1991) (citing Rule 30(g) as one of a number of Rules that "provide for the imposition of attorney's fees as a sanction"); *Edmonds v. Seavey*, 379 F. App'x 62, 64 (2d Cir. 2010) (referring to expenses imposed pursuant to Rule 30(g) as "sanctions").

[4] Plaintiff has requested that sanctions be imposed on Defendant for its argument that Plaintiff has a history of filing motions for reconsideration of his motions for reconsideration and citing to *Giovanniello v. The New York Law Publishing Company*, No. 07 Civ. 1990, 2007 WL 4320757 (S.D.N.Y. Dec. 11, 2007). (Pl.'s Reply Mem. 12–15.) Plaintiff's request is denied.

Defendant has requested that sanctions be imposed on Plaintiff for Defendant's attorneys' fees incurred in responding to the current motion to vacate Judge Pohorelsky's order. (Def.'s Opp. to Pl.'s Mot. to Vacate 2.) Although Plaintiff's motion to vacate essentially repeats arguments made in his motion for reconsideration, Plaintiff has the right to pursue his objections to Judge Pohorelsky's order. Accordingly, no additional sanctions shall be imposed.

SO ORDERED:

      s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: May 23, 2013
      Brooklyn, New York