UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
TODD C. BANK, Individually and on behalf
of All Others Similarly Situated,

                              Plaintiff,                  **REPORT AND
RECOMMENDATION**

           - v -                                       CV-11-2744 (MKB)(VVP)

CARIBBEAN CRUISE LINE, INC.,

                            Defendant.
-------------------------------------------------------------x

      The plaintiff Todd C. Bank has moved for class certification in this action, which

asserts claims under the Florida Electronic Mail Communications Act (the "FEMCA"), Fla.

Stat. §§ 668.601-668.610, and Judge Brodie has referred the matter to me for a report and

recommendation.  For the reasons below, I recommend that the motion be denied.

**BACKGROUND**

      This action arises from the plaintiff's receipt of an electronic mail communication

(hereinafter "email") purportedly sent by the defendant Caribbean Cruise Line, Inc. ("CCL")

bearing the subject line "You won a cruise to the Bahamas."  The plaintiff alleges that the

email ran afoul of the FEMCA which prohibits the transmission from a computer in Florida

of any emails that contain false or misleading information in the subject line.  *See* Fla. Stat. §

668.603(1)(c).  The plaintiff seeks injunctive relief and statutory damages of $500 per

violation on behalf of himself and the class he wishes to represent.

      The plaintiff has timely made this motion seeking certification of a class defined as

follows:

all persons and entities to which CCL, beginning four years prior to the
commencement of this action and continuing until the resolution of this
action, transmitted one or more commercial electronic-mail messages with the
subject line stating: "You won a cruise to the Bahamas."

See Notice of Motion, Aug. 17, 2012 [DE 63].  The plaintiff, who is an attorney, seeks to be

appointed as the class representative, and also seeks to be appointed as counsel for the class.

*Id.*  The defendant has opposed the motion on numerous grounds, including the failure to

establish standing and the failure to establish the necessary elements for certification under

Rule 23 of the Federal Rules of Civil Procedure.

## DISCUSSION

The Supreme Court has emphasized that the class action is "an exception to the usual

rule that litigation is conducted by and on behalf of the individual named parties only."

*Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979); *see also Comcast Corp. v. Behrend*, 133 S.Ct.

1426, 1432 (2013); *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. __ , 131 S. Ct. 2541, 2551–2552

(2011).  Rule 23 thus establishes two sets of prerequisites that must be met before an action

may proceed on behalf of a class.  Under Rule 23(a), the plaintiff must establish each of four

requirements, often referred to as the criteria of numerosity, commonality, typicality, and

adequacy.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997); Fed. R. Civ. P. 23(a).

Under Rule 23(b), the plaintiff must establish one of three additional requirements.  *See* Fed.

R. Civ. P. 23(b).

The plaintiff's application here founders primarily on his failure to satisfy the prerequisites of Rule 23(a).   In *Amchem*, the Supreme Court set forth concisely the parameters of the Rule 23(a)[1] inquiry:

> Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality (named parties' claims or defenses "are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interests of the class").

521 U.S. at 613.  As the Supreme Court has recently emphasized, the question of certification will frequently overlap with the merits of the plaintiff's claims because class determination considerations are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, __ U.S. __ , 133 S. Ct. 1426, 1432 (2013) (quoting *Dukes,* 564 U.S. at __ , 131 S. Ct. at 2551); *see also In re Initial Public Offerings Securities Litigation*, 471 F.3d 24, 33 (2d Cir. 2006) ("careful examination of *Eisen* reveals that there is no basis for thinking that a specific Rule 23 requirement need not be fully established just because it concerns, or even overlaps with, an aspect of the merits"), *decision clarified on other grounds on denial of reh'g*, 483 F.3d 70 (2d Cir. 2007).  Thus, the Supreme Court reiterated that Rule 23(a)

---

[1]The Rule provides that,

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"does not set forth a mere pleading standard," but rather the party seeking class certification bears the burden of establishing the existence of all four Rule 23(a) requirements "*in fact*." *Comcast*, 133 S. Ct. at 1432 (quoting *Dukes,* 131 S. Ct. at 2551-52) (emphasis in original).  The class certification question thus requires the court to "receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met."  *In re Initial Public Offerings*, 471 F.3d at 41.

The plaintiff's failure to satisfy the requirements of Rule 23(a) stems from his inability to prove that the defendant was in any way responsible for the email he received, or that the class he has defined has any members.  The emails that are the subject of the plaintiff's complaint were both sent from an email account bearing the address CarmenElectra@got2getaway2010.com.  See Bank Decl., Ex. A [DE 63-2, 63-3].  Although the text of the email refers to CCL, CCL absolutely denies having sent the messages, and the evidence before this court supports that assertion.  Once CCL learned about the transmission of the email,[2] it began an investigation and determined that the registered owner of the "got2getaway2010.com" domain was an individual named John Damico.  See Schulman Decl., Ex. C [DE 62-2].  CCL promptly filed an action in the Southern District of Florida to prevent Damico from making any further representations that indicated he had any relationship with CCL or was authorized to act on their behalf, and that court entered a

---

[2]CCL first learned of the email when it received a letter dated June 8, 2010 from a law firm representing Carmen Electra which demanded that CCL cease and desist from using her name in its advertising.  See Bank Decl., Ex. B [DE 63-4].

permanent injunction barring Damico from doing so on October 7, 2010.  See Schulman

Decl., Ex. D [DE 62-2].

There is no evidence whatsoever before this court that Damico had a relationship

with CCL when the email was sent or that he was ever authorized to act on CCL's behalf.

Testifying as CCL's corporate designee, the company's director of marketing Jennifer Poole

denied that Damico had any sort of business relationship with CCL.  See Schulman Decl.,

Ex. H, p. 18 [DE 62-3].  She also testified that the company never sent any emails like the

one the plaintiff received and never had the "got2getaway2010.com" domain.  *Id.*, pp. 20, 48.

Damico himself testified in a deposition in a related case that he never worked for CCL, was

never an independent contractor of CCL, never had an affiliation with CCL, and did not

know anyone who worked for CCL.  See Schulman Decl., Ex. G, p. 27 [DE 62-3].

As the plaintiff has offered no evidence to the contrary, he has not established that

the class he seeks to certify has any members at all.  As he has defined it, the class includes

persons and entities to whom CCL sent email messages with the subject line "You won a

cruise to the Bahamas."  The plaintiff has produced evidence of only three email messages

with that subject line, all of which are attributable, not to CCL, but to an email address that is

linked to Damico.[3]  There is no evidence before the court, then, that CCL sent any email

messages with the allegedly offending subject line.  Thus the plaintiff has failed to produce

evidence that he is a member of the class he has defined, or that such a class even exists.

_____

[3]As noted earlier, the plaintiff himself apparently received two emails with that subject line, Bank
Decl., Ex. A, and the letter CCL received from Electra's attorneys contained a copy of an email with
that subject line addressed to someone whose name was redacted, Bank Decl., Ex. B.  All three
emails were sent from the CarmenElectra@got2getaway2010.com address.

The court rejects the plaintiff's suggestion that the court should not examine the merits of his case in determining the question of class certification.  The foregoing discussion necessarily implicates the merits because of the way the plaintiff has defined the class he seeks to certify.  By resting the class definition on a factual issue, *i.e.*, receipt of an offending email transmitted by the defendant, the plaintiff requires the court to consider whether there is evidence that any such emails have been transmitted by the defendant and if so to how many recipients.  The mere fact that the text of the email message uses the defendant's name is not enough.  There must be some other evidentiary link connecting the email to the defendant.  To hold otherwise would permit anonymous miscreants to subject individuals and companies to class actions simply by sending out emails purporting to be authored by them bearing false information in their subject lines.  Because the plaintiff has failed to produce any evidence linking the defendant here to the allegedly offending emails, he has failed to establish the existence of any class members, much less that they are too numerous to make joinder impracticable.

Given the plaintiff's clear failure to establish the element of numerosity under Rule 23(a), the court does not address the other weaknesses in the plaintiff's class certification motion.  In particular, the court questions whether a *pro se* plaintiff can serve as class representative, and whether a class representative may also serve as class counsel.  Numerous courts have denied such requests because of the conflict of interest that serving in those dual roles presents.  *See, e.g., Rodriguez v. Eastman Kodak Co.,* 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) ("a *pro se* plaintiff may not seek to represent the interests of third-parties . . .

[m]oreover, it is well established that a *pro se* class representative cannot adequately represent the interests of other class members.") (internl quotation marks omitted); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 2004) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *Matassarin v. Lynch,* 174 F.3d 549, 559 (5th Cir. 1999); *Ayazi v. New York City Bd. of Educ.*, Nos. 98-CV-7461 and 08-CV-2456, 2010 WL 4789403 (E.D.N.Y. Nov. 17, 2010); *Jaffe v. Capital One Bank,* No. 09 Civ. 4106, 2010 WL 691639, at *10 (S.D.N.Y. Aug. 26, 2010) ("A *pro se* plaintiff may not bring an action in which he will serve as both class representative and class counsel."). But because the class certification motion should be denied, the court need not reach the issue.

## CONCLUSION

For the foregoing reasons, I recommend that the plaintiff's motion for class certification be denied.

    *        *        *        *        *        *

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir. 2002); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.),

*cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16

(2d Cir. 1989) (per curiam).

Respectfully recommended,

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           July 24, 2013

-8-